IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHNATHAN LEE X SMITH,

    Plaintiff,

v.                                              Civil Action No. **3:08CV610**

HAMPTON ROADS REGIONAL JAIL, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate, filed this civil action in the Circuit Court for the City of Portsmouth, Virginia ("the Circuit Court"). The original complaint named as defendants Hampton Roads Regional Jail ("HRRJ") and Roy W. Cherry. On September 17, 2008, Defendants filed a notice of removal from the Circuit Court, along with a motion for summary judgment. On October 29, 2008, Plaintiff filed a motion for leave to file an amended complaint. On January 23, 2009, the Court granted Plaintiff's motion and filed the amended complaint, which added Defendants Steven Whitehead, T. Evereth, I. Green, and K. Carver. Defendants HRRJ and Cherry have filed a motion for summary judgment, and Plaintiff has filed an affidavit in response. Plaintiff has also filed a response to the Court's May 20, 2009 Order directing him to show cause for his failure to timely serve Defendants Whitehead, Evereth, Green, and Carver. This matter is ripe for disposition.

### I. THE MOTION FOR SUMMARY JUDGMENT

**A.    Summary Judgment Standard**

Summary judgment is to be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and

that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (*quoting* former Fed. R. Civ. P. 56(c) and 56(e) (1986)). In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Nevertheless, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (*quoting Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)).

Of course, the facts offered by affidavit must be in the form of admissible evidence. *See* Fed. R. Civ. 56(e). In this regard, the statement in the affidavit or sworn statement "must be made on personal knowledge . . . and show that affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1). Furthermore, summary judgment affidavits must "set out specific facts." Fed. R. Civ. P. 56(e)(2). Therefore, "summary judgment affidavits cannot be

2

conclusory or based upon hearsay." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (internal citation omitted) (*citing Rohrbough v. Wyeth Labs., Inc.*, 916 F.2d 970, 975 (4th Cir. 1990); *Md. Highways Contractors Ass'n v. Maryland*, 933 F.2d 1246, 1252 (4th Cir. 1991)). The absence of an "affirmative showing of personal knowledge of specific facts" prevents the consideration of such facts in conducting the summary judgment analysis. *EEOC v. Clay Printing Co.*, 955 F.2d 936, 945 n.9 (4th Cir. 1992) (quotation omitted).

Defendants HRRJ and Cherry have submitted an affidavit from Defendant Whitehead, an incident report, a copy of the Jail's personal property regulations, and a copy of Plaintiff's complaint filed in state court. Plaintiff has submitted a sworn complaint and an affidavit in opposition to Defendants' motion for summary judgment. In light of the foregoing submissions and principles, the following facts are established for purposes of this motion for summary judgment.

### B. Material Facts and Plaintiff's Claims

Plaintiff was charged with petty larceny in Newport News, Virginia. Plaintiff was arrested and confined. On February 9, 2005, after the trial had commenced, the petty larceny charges were nolle prossed. Plaintiff was subsequently incarcerated for an undisclosed offense. In February of 2007, Plaintiff filed a lawsuit in the Newport News Circuit Court alleging that the prosecutor had maliciously prosecuted him in violation of his state and federal rights. (Feb. 3, 2009 Mem. in Supp. of Mot. for Summ. J. Ex. A.)

On November 28, 2007, Officer M. Snead reported Plaintiff for stating to Officer Snead that "'when you get home you will find your children raped and murdered.'" (Feb. 3, 2009 Mem. in Supp. of Mot. for Summ. J. B.) Plaintiff admitted to another officer that he made these

3

statements. On November 29, 2007, Defendants Evereth and Green confiscated all of Plaintiff's personal property, including all of his legal materials. (Am. Compl. ¶ 3.) Plaintiff claims that Defendants violated his constitutional right of access to the courts by denying him legal material necessary to litigate his malicious prosecution claim "and other pending cases." (Am. Compl. ¶ 8.) Plaintiff seeks $10,000,000 in compensatory damages and an additional $1,000,000 from each defendant in punitive damages. Defendants Cherry and HRRJ contend, *inter alia*, that Plaintiff has not established that Defendants caused an actual injury to any non-frivolous litigation.

### C. Analysis

The Constitution guarantees a right to reasonable access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). Prisoners must have the means to collaterally attack their convictions and to challenge their conditions of confinement. *Id.* at 356. Nevertheless, there is no "abstract, freestanding right" to legal materials. *Id.* at 351. Therefore, in order to state a prima facie case of denial of access to the courts, Plaintiff cannot rely on conclusory allegations. He must identify with specificity an actual injury to non-frivolous litigation caused by Defendants' actions. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (*en banc*).

Although Plaintiff refers to his malicious prosecution claim "and other pending cases," Plaintiff's amended complaint does not contain facts sufficient to establish the existence of any "other pending cases" at all, much less any constituting an underlying non-frivolous claim. *See Cochran*, 73 F.3d at 1317. Moreover, Plaintiff has not demonstrated an actual injury to any claim, including his malicious prosecution claim, which is still pending in the Newport News Circuit Court. *Smith v. City of Newport News, et al.*, No. CL0702457T-01 (Va. Cir. Ct. filed

4

Feb. 5, 2007); *see Pollard v. Pollard*, No. 08-1402, 2009 WL 1114076, at *1 (4th Cir. Apr. 27, 2009) (rejecting plaintiff's argument that a "denial of access to the courts claim based on a pervasive police cover-up does not require that the [underlying] claim be first litigated in state court" and explaining that "a 'plaintiff cannot merely guess that a state court remedy will be ineffective because of a defendant's actions'" (*quoting Swekel v. City of River Rouge*, 119 F.3d 1259, 1264 (6th Cir. 1997)). The motion for summary judgment will therefore be GRANTED. All claims against Defendants Cherry and HRRJ will be DISMISSED.

## II. FAILURE TO SERVE DEFENDANTS WHITEHEAD, EVERETH, GREEN, AND CARVER

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, a plaintiff is required to serve the defendants within 120 days from the filing of the complaint or state good cause for his failure to do so. Here, that period commenced on January 23, 2009, when the Court filed the amended complaint and informed Plaintiff that he must serve the complaint in accordance with Rule 4(m). On May 20, 2009, the Court Ordered Plaintiff to show cause for failing to serve the new Defendants. In his response dated June 5, 2009, Plaintiff explained that "[a]pproximately ninety (90) days ago, Plaintiff requested by letter the Clerk of this Court to provide Plaintiff the required summons so that he could attempt to cause service of this complaint upon the unserved Defendants. The clerk did not send the requested forms." (Pl.'s Resp. to Order to Show Cause ¶ 1.) Plaintiff further contends he is unable to properly serve the new Defendants because "Plaintiff is a party to the suit" and "he has no eligible person in free society to serve the complaint upon the unserved Defendants" in accordance with Rule 4(b)(2)'s requirement that a nonparty effect service. (Pl.'s Resp. to Order to Show Cause ¶ 2.) Plaintiff has taken no action to effect service since June 5, 2009.

Good cause for failing to timely serve a defendant is shown when the plaintiff demonstrates that "he made reasonable, diligent efforts to effect service on the defendant." *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999) (internal quotation marks omitted) (*quoting T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D. W. Va. 1996)). "Inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service" generally are insufficient to show good cause. *Vincent v. Reynolds Mem'l Hosp.*, 141 F.R.D. 436, 437 (N.D. W. Va. 1992); *see also United States ex rel. Shaw Env't Inc. v. Gulf Ins. Co.*, 225 F.R.D. 526, 528 (E.D. Va. 2005). The Court never received any letter from Plaintiff requesting that service issue. Moreover, rather than attempting to verify that the Clerk received his letter requesting issuance of summons, Plaintiff took no action for three months. Plaintiff has demonstrated at best a halfhearted attempt to effect service. Indeed, Plaintiff still has not provided the Court with the addresses of the unserved Defendants. Accordingly, Plaintiff's claims against Defendants Steven Whitehead, T. Evereth, I. Green, and K. Carver will be DISMISSED WITHOUT PREJUDICE.

### III. CONCLUSION

Defendants' motion for summary judgment will be GRANTED. Plaintiff's claims will be DISMISSED. The action will be DISMISSED.

An appropriate order will issue.

> /s/
> James R. Spencer
> Chief United States District Judge

Date: 9-25-09
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge